UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GARY STRICKLAND,<br><br>Defendant. | Criminal Action No. 07-226 (CKK) |

**FILED**

JUN 2 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ORDER**
(June 26, 2008)

Currently pending before the Court is Defendant Gary Strickland's Motion for Placement Into High Intensity Supervision Program ("HISP"), which the Government opposes. The Court heard oral argument on Defendant's motion during the June 19, 2008 Status Conference in this matter, at which it requested that the Government file a written response to Defendant's motion. Upon a searching review of Defendant's [10] Motion, the Government's [11] Opposition, the exhibits attached to those filings, the relevant statutes and case law and the entire record herein, the Court concludes that releasing Defendant from the halfway house in which he currently resides and placing him into the HISP would not reasonably assure, principally, the safety of the community. Accordingly, the Court shall DENY Defendant's Motion for Placement Into High Intensity Supervision Program.

**I. BACKGROUND**

Defendant Strickland is charged by Indictment with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and one count of Unlawful Distribution of 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(b)(1)(B)(iii).

Case 1:07-cr-00226-CKK   Document 12   Filed 06/26/2008   Page 2 of 14

A sealed Indictment was filed in this case on September 6, 2007. *See* Docket Nos. [1]-[3]. On April 4, 2008, Defendant Strickland was arrested and presented on a bench warrant before Magistrate Judge Deborah A. Robinson, at which point the United States' oral motion for temporary detention was granted. *See* 4/4/08 Minute Orders. A detention hearing was held on April 9, 2008 before Magistrate Judge Alan Kay, at which–over the Government's objection–Defendant was released into the custody of a halfway house, with no social passes. *See* 4/9/08 Minute Orders; 4/9/08 Order, Docket No. [5]. Defendant was released from the D.C. Jail to the Extended House halfway house on April 18, 2008. Def.'s Mot. ¶ 2.

On June 2, 2008, Defendant's case manager at Extended House wrote a memo to the Court noting Defendant's positive adjustment to the halfway house, and recommending that if Defendant was not released from custody, his social pass restriction be lifted. *See* 6/2/08 Order, Ex. 1, Docket No. [9-2]. At a Status Hearing on the record on June 2, 2008, Defendant made an oral motion to be released into the HISP, which the Court orally denied. *See* 6/2/08 Minute Orders. The Court did, however, lift Defendant's social pass restriction, without objection from the Government. *Id.*; 6/2/08 Order, Docket No. [9].

On June 4, 2008, through no fault of Defendant Strickland, all residents at Extended House were remanded to D.C. Jail. Def.'s Mot. ¶ 3; Gov't Opp'n at 2. Defendant Strickland, in particular, was remanded to D.C. Jail and then to CTF. Def.'s Mot. ¶ 3. In light of the closing of Extended House, on June 6, 2008, Defendant's Pretrial Services Officer advised the Court that Defendant Strickland had been evaluated and found eligible for the HISP, and that the Pretrial Services Agency recommended that Defendant be placed into the HISP. *See* Def.'s Mot., Attachment, Docket No. [10-2]. Accordingly, on June 16, 2008–while Defendant was still at

CTF–Defendant filed his pending Motion for Placement Into High Intensity Supervision Program, relying primarily upon the June 6, 2008 Pretrial Services recommendation. *See generally* Def.'s Mot. At the time of Defendant's Motion, it appeared that Pretrial Services would be unable to find Defendant a placement in another halfway house, *see* Gov't Opp'n at 2, and Government counsel therefore "stated that she would prefer that Mr. Strickland be placed at a different halfway house," but "defer[red] to the Court with respect to [Defendant's] motion," Def.'s Mot. ¶ 6. Subsequent to Defendant's Motion, however, Pretrial Services found a placement for Defendant in Hope Village halfway house, where he currently remains. Gov't Opp'n at 2.

At the June 19, 2008 Status Hearing in this matter, Defendant's counsel orally renewed Defendant's Motion for Placement into the HISP, notwithstanding his placement in Hope Village, and the Government indicated that it opposed Defendant's Motion in light of that placement. The Court requested that the Government file a written Opposition to Defendant's Motion, and the Government did so on June 20, 2008. *See* 6/19/08 Minute Orders; Gov't Opp'n.

## II. DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). Further, defendants who are charged with an offense for which a term of imprisonment of ten years is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, are eligible for pretrial detention. *Id.* § 3142(f)(C). Where there is probable cause to believe that a defendant committed such an

offense, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. *Id.* § 3142(e). For reasons stated at the hearing, Magistrate Judge Kay ordered Defendant Strickland–over the Government's objection–released into a halfway house with no social passes. *See* 4/9/08 Minute Orders; 4/9/08 Order, Docket No. [5].

The Bail Reform Act further provides that a "judicial officer may at any time amend the [pretrial release] order to impose additional or different conditions of release," 18 U.S.C. § 3142(c)(3), and that a detention "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person and the safety of any other person and the community," *id.* § 3142(f). In determining whether such conditions exist, the Court is required to consider: (1) "the nature and circumstances of the offense charged, including whether the offense . . . involves a . . . controlled substance [or] firearm . . .;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person," including "character . . . family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;" and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g). The Court therefore addresses each consideration herein.

*1.     The Nature and Circumstances of the Offense Charged*

The Government's Opposition contains a lengthy discussion of the two transactions allegedly underlying Defendant's charges and reflected in the Indictment. In summary form, in the first transaction, Defendant allegedly agreed to sell a Confidential Informant ("CI") a handgun and two "eight balls" of crack cocaine, and allegedly provided the CI with a loaded revolver, 53 unused ziplock bags for packaging narcotics, and a quantity of a substance that appeared to be cocaine but was later determined to be quinine. Gov't Opp'n at 3, 5. Defendant Strickland allegedly completed this transaction inside his own apartment and, during that transaction, allegedly agreed to engage in future transactions with the CI. *Id.* In the second transaction, Defendant allegedly agreed to sell the CI another gun and several "eight balls" of crack cocaine. *Id.* Defendant Strickland did not give the CI a gun, but allegedly did sell the CI 11.5 grams of crack cocaine, and allegedly offered to engage in further transactions, including sales of PCP. *Id.* at 3-6.

*2.     The Weight of the Evidence Against Defendant Strickland*

The Government asserts that the case against Defendant Strickland is strong because "[p]ortions of these transactions were recorded on audiotape and videotape." *Id.* at 6. Defense counsel has reviewed these tapes and Defendant Strickland is in the process of reviewing them as well.

*3.     Defendant Strickland's History and Characteristics*

Defendant's main arguments in favor of his placement into the HISP is that he is "a 41-year old married male with two children whom he lives with and takes care of (a 17 year-old son and 11-year old daughter)," that he "works full-time at Acquisition Concepts, located at 803 Sero

5

Drive in Fort Washington, Maryland," and that his "work manager has reported to Pretrial Services that Defendant's work performance is good." Def.'s Mot. ¶ 5; *see also* 6/2/08 Order, Exhibit, Docket No. [9-2]. Defendant also notes that Pretrial Services "has already conducted the required investigation of Mr. Strickland and found that he is eligible for the HISP." Def.'s Mot. ¶ 4. The Court also notes that, as discussed above, and as defense counsel stressed during the June 19, 2008 Status Hearing in this matter, Pretrial Services has reported that Defendant complied with all requirements imposed upon him by Extended House halfway house. *See* 6/2/08 Order, Exhibit, Docket No. [9-2].

In contrast, however, the Government points out that Defendant Strickland has an extensive criminal record. Specifically: on July 26, 2001, he was convicted of Dealing in Firearms in Case No. CR00-000397; on August 13, 1993, he was convicted of Possession with Intent to Distribute a Controlled Substance in Prince George's County, Maryland, Criminal Case No. CT930990X, *see* Indictment, Docket No. [3]; and on September 13, 1988, he was convicted of two attempt crimes and Possession of Drug Paraphernalia in District of Columbia Superior Court Case Nos. 1988FEL003998 and 1987FEL005871. Gov't Opp'n at 6. As the Government correctly notes, all of Defendant Strickland's previous convictions involve the same types of behavior as the crimes with which he is charged in this matter.

    4.    *The Nature and Seriousness of the Danger to Any Person or the Community*

The Government also correctly explains that the "crimes charged in this matter involve two separate sales which could have resulted in narcotics and a gun being released into the community." *Id.* Further, the Government alleges that Defendant Strickland engaged in the first alleged transaction within his own apartment, and that he offered to engage in additional similar

Case 1:07-cr-00226-CKK    Document 12    Filed 06/26/2008    Page 12 of 14

transactions. *Id.*

### III. CONCLUSION

In light of a thorough consideration of the four factors discussed above, the Court concludes that Defendant Strickland's placement into the HISP would not reasonably assure, principally, the safety of the community. First, the crimes with which Defendant Strickland is charged are serious, involving both a controlled substance and a firearm. Second, the evidence against Defendant Strickland, including videotapes and audiotapes, appears strong. Third, Defendant Strickland has previously been convicted of crimes similar in nature to the crimes with which he is charged in this action. Fourth, the Court finds that the danger to the community of releasing Defendant Strickland to his own apartment under the HISP is great because he is alleged in this case to have engaged in transactions involving controlled substances and firearms from within that very apartment, and because the types of transactions that he is alleged to have engaged in would be extremely difficult to monitor and prevent. As such, the Court finds that Defendant Strickland's placement into the HISP would not reasonably assure the safety of the community.

Accordingly, it is this 26th day of June, 2008, hereby

**ORDERED** that Defendant's [10] Motion for Placement Into High Intensity Supervision Program is DENIED.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge